02-11-290-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-11-00290-CV

 

 


 
 
 In the Interest of
 A.J., a Child
 
 
  
 
 
  
 
 


 

----------

 

FROM THE 231st
District Court OF Tarrant
COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

          Appellant
J.J.[2]
attempts to appeal an interlocutory order for the monitored return of a child
to a parent along with other pretrial rulings associated with that order.  The
trial court’s July 25, 2011 “Order for Monitored Return of Child to Parent” appointed
M.J., the mother, as temporary possessory conservator with care, custody, and
control of the child, A.J.  The order also provided that M.J. and A.J. must not
have contact with appellant, who is A.J.’s father.  The order did not purport
to finally dispose of the suit; instead, it extended a dismissal date for the
suit until January 21, 2012.[3]
 Appellant filed notice of appeal, contending that the trial court had violated
his constitutional and due process rights.

          On
August 26, 2011, we notified appellant of our concern that we lack jurisdiction
over this appeal because it does not appear to arise from a final judgment or
an appealable interlocutory order, and we informed him that the appeal may be
dismissed unless he or any party desiring to continue the appeal filed a
response showing grounds for continuing the appeal.  We received a response,
but it does not show grounds for continuing the appeal; the response confirms
that appellant is appealing pretrial rulings.  Accordingly, we dismiss the
appeal for want of jurisdiction.  See Tex. Fam. Code Ann. § 105.001(e)
(West 2008); Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a) (West 2008)
(listing types of appealable interlocutory orders); Lehmann v. Har-Con Corp.,
39 S.W.3d 191, 195 (Tex. 2001) (stating that generally an appeal may be taken
only from a final judgment and that a judgment is final and appealable if it
disposes of all parties and all issues); In re J.W.L., 291 S.W.3d 79, 83
(Tex. App.—Fort Worth 2009, orig. proceeding [mand. denied]) (reiterating that
temporary orders in family law cases are not appealable); see also
Tex. R. App. P. 42.3(a), 43.2(f).

 

PER CURIAM

 

PANEL: 
LIVINGSTON,
C.J.; DAUPHINOT and GARDNER, JJ.

 

DELIVERED:  October 13, 2011









[1]See Tex. R. App. P. 47.4.





[2]The names of the parties have been replaced
with their initials.  See Tex. Fam. Code Ann. § 109.002(d) (West 2008).





[3]See
id. § 263.403 (West 2008).